

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In Re:

Mark A. Nordlicht,

          Debtor.

Chapter 7
Case No. 20-22782 (RDD)

------------------------------------------------------------------x
Richard Stadtmauer and Marisa Stadtmauer,

          Plaintiffs,

    -against-

Mark Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC,
OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook
Islands Trust Limited, Trenor Investment Partners LP, Henley
Investment Partners LP and John Does 1-50,

          Defendants.

Adv. Pro. No. 20-06489 (RDD)

------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

Mark S. Tulis, as Chapter 7 Trustee ("Trustee") of the estate of Mark A. Nordlicht ("Debtor"), (a) defendants Mark Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, The Trenor Trust (sued as Gilad Kalter Cook Islands Trust Limited), Trenor Investment Partners LP, Henley Investment Partners LP, John Does 1-50 (collectively, the "Initial Defendants", (b) 16th Avenue Associates, LLC, Trenor Trust, Jerome Management LLC (collectively, the "Proposed Supplemental Defendants") (collectively, the "Settling Defendants"), and (c) non-party Barbara Nordlicht (the Settling Defendants, together with Barbara Nordlicht, are collectively the "Settling Parties", together with the Trustee, the "Parties"), by and through the undersigned, hereby stipulate and agree as follows:

**WHEREAS**, on June 29, 2020 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court");

**WHEREAS**, Mark S. Tulis was appointed as the Chapter 7 Trustee of the Debtor's estate and, by operation of law, is the permanent Chapter 7 Trustee of the Debtor's estate;

**WHEREAS**, on February 5, 2020, certain creditors of the Debtor, commenced an action in the Supreme Court of the State of New York, County of Westchester, under Index No. 51825/2020 (the "State Action"), captioned *Richard Stadtmauer and Marisa Stadtmauer v. Mark Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited, Trenor Investment Partners LP, Henley Investment Partners LP, and John Does 1-50*;

**WHEREAS**, the complaint in the State Action (the "Complaint") alleges, among other things, that the Initial Defendants had received fraudulent transfers from, or on behalf of the, Debtor and that the Initial Defendants were the Debtor's alter egos;

**WHEREAS**, on February 5, 2020, the Court in the State Action granted the creditors' ex-parte motion for a pre-judgment Order of Attachment Without Notice (the "Attachment"), including against certain property located at 535 West End Avenue, Unit No. 15, New York, New York ("535 WEA") and 245 Trenor Drive, New Rochelle, New York ("245 Trenor Drive") (collectively, the "Properties");

**WHEREAS**, on February 14, 2020, the creditors filed a Notice of Attachment on Real Property against 535 WEA (the "Notice of Attachment 535");

**WHEREAS**, on February 18, 2020, the creditors filed a Notice of Attachment on Real Property against 245 Trenor Drive ("Notice of Attachment 245") (Notice of Attachment 535 & Notice of Attachment 245 are collectively the "Notices of Attachment");

**WHEREAS**, on June 1, 2020, the Court in the State Action granted the creditors' motion to confirm the Attachment;

**WHEREAS**, on June 25, 2020, the creditors filed a motion in the State Action to supplement the Complaint together with a proposed supplemental complaint (the "Supplemental Complaint"), which sought to add new proposed defendants 16th Avenue Associates, LLC, Trenor Trust, and Jerome Management LLC, and new supplemental claims;

**WHEREAS**, the Settling Parties dispute the allegations in the Complaint and Supplemental Complaint;

**WHEREAS**, on July 29, 2020, certain of the Initial Defendants filed a Notice of Removal with the District Court thereby removing the State Action to the District Court which was referred to the Bankruptcy Court and designated Adversary Proceeding No. 20-06489-rdd (the "Removed Action");

**WHEREAS**, upon the filing of the Debtor's voluntary petition on the Petition Date, the Trustee alleges that all the claims asserted in the Removed Action became property of the Debtor's bankruptcy estate;

**WHEREAS**, the Trustee and the Settling Parties have engaged in arm's-length negotiations and determined, without admitting liability of any kind, to resolve all of the claims by and between them, including all the claims asserted in the Removed Action, on the terms and subject to the conditions set forth in this Stipulation of Settlement ("Stipulation").

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented and agreed to by and between the Parties as follows:

1. Simultaneous with the execution of this Stipulation, the Settling Parties shall remit, via wire transfer to "Mark S. Tulis, as Trustee", the sum of $1.5 Million ("<u>Settlement Sum</u>") in full and final satisfaction of any and all claims that the Trustee has or may have, whether known or unknown, against the Settling Parties, including but not limited to the claims asserted in, or which could have been asserted in the Removed Action. The Trustee shall provide wire instructions prior to wiring and the Settlement Sum will be deposited in the estate's bank account maintained by the Trustee pending approval of this Stipulation by the Court.

2. Upon clearance of the Settlement Sum, the Trustee shall promptly move for the entry of an Order of the Court authorizing and approving this Stipulation.

3. Upon the entry of an Order approving this Stipulation and that Order becoming final and non-appealable, the Settling Parties shall be deemed to have, and shall have, released and forever discharged the Trustee, his professionals, and the Debtor's estate from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Settling Parties have, had, may ever have, or may ever claim to have, against the Trustee, his professionals, and the Debtor's estate, up to the date of this Stipulation, except for the Trustee's obligations under this Stipulation and subject to the conditions set forth herein.

4. Upon the entry of an Order approving this Stipulation and that Order becoming final and non-appealable, the Trustee, on behalf of himself, his professionals, and the Debtor's estate, shall be deemed to have, and shall have, released and forever waived against the Settling

4

Parties and their members, officers, shareholders and professionals, any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee, his professionals, and the Debtor's estate had, have, may ever have, or may ever claim to have, against the Settling Parties, including but not limited to the claims asserted in the Complaint, Supplemental Complaint, State Action and Removed Action, and/or any claims that the Debtor's property and/or assets are being held by the Settling Parties, and/or any fraudulent conveyance and/or alter ego claims, and/or any claims under 11 U.S.C. Sections 541, 542, 544, 547, 548, 549, 550 & 551 against the Settling Parties.

5. Upon entry of an Order approving this Stipulation and that Order becoming final and non-appealable, the Trustee shall, within five business days, discontinue the Removed Action with prejudice, including the filing of a Notice of Dismissal with Prejudice.

6. Upon entry of an Order approving this Stipulation and that Order becoming final and non-appealable, the Trustee shall within 30 days vacate and/or set aside the Attachment and Notices of Attachment, and any other attachment and notice of attachment with respect to 535 WEA, 245 Trenor Drive and any other attached property, including (a) the filing of any and all documents required by this Court, the New York and/or Westchester County Clerk's Office and/or any other required places, (b) stipulating, as necessary, and/or (c) consenting to any order required; to vacate and/or set aside the Attachment and Notices of Attachment, and any other attachment and notice of attachment filed with respect to 535 WEA and 245 Trenor Drive and any other attached property.

7. This Stipulation is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties understand and agree that the payment of the Settlement Sum and the execution and delivery of this Stipulation shall not constitute or be construed as an admission or adjudication, express or implied, of any fact or liability whatsoever with respect to any claims that are the subject matter of this Stipulation, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission.

8. In the event the Court or if applicable, an Appellate Court, declines to approve the Stipulation in its entirety: (a) the Stipulation shall become null, void, and of no further force or effect, and nothing contained herein shall be deemed an admission by any of the Parties; and (b) the Trustee shall return the Settlement Sum to the Settling Parties who paid the Settlement Sum within five (5) business days.

9. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

10. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

11. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

12. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Party or client and have obtained all necessary approvals, but the Trustee's authority to bind the Debtors' estate to the settlement is subject to approval by the Court.

13. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

14. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: October 26, 2020
New York, New York

**BACKENROTH, FRANKEL & KRINSKY, LLP**
*Attorneys for Mark A. Nordlicht*

By: _____
Abraham Backenroth, Esq.
800 Third Avenue, 11th Floor
New York, New York 10022
Telephone: (212) 593-1100
abackenroth@bfklaw.com

Dated: October 26, 2020
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Attorneys for Mark S. Tulis, as Chapter 7 Trustee of the Estate of Mark Nordlicht*

By: _____
Salvatore LaMonica, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
sl@lhmlawfirm.com

Dated: October 26, 2020
       Scarsdale, New York

                              LEVINE & ASSOCIATES, P.C.
                              *Attorneys for Dahlia Kalter, 535 W.E.A. Group LLC,*
                              *OBH 2308 LLC, and Gilad Kalter Cook Islands Trust*
                              *Limited, Trenor Investment Partners LP and Trenor Trust*

By: _____
      Michael Levine, Esq.
      15 Barclay Road
      Scarsdale, New York 10583
      Telephone: (914) 600-4528
      ml@levlaw.org

Dated: October ___, 2020
       New York, New York

                              COHEN TAUBER SPIEVACK & WAGNER P.C.
                              *Attorneys for NYFLA Investors LLC*

By: _____
      Sari E. Kolatch, Esq.
      420 Lexington Avenue, Suite 2400
      New York, New York 10170
      Telephone: (212) 381-8729
      skolatch@ctswlaw.com

Dated: October ___, 2020
       New York, New York

                              CURTIS, MALLET-PREVOST, COLT
                              & MOSLE LLP
                              *Attorneys for Mark Nordlicht and*
                              *Henley Investment Partners LP*

By: _____
      Gabriel Hertzberg, Esq.
      101 Park Avenue
      New York, NY 10170
      Telephone: (212) 696-8856
      ghertsberg@curtis.com

Dated: October ___, 2020
Scarsdale, New York

LEVINE & ASSOCIATES, P.C.
*Attorneys for Dahlia Kalter, 535 W.E.A. Group LLC,*
*OBH 2308 LLC, and Gilad Kalter Cook Islands Trust*
*Limited, Trenor Investment Partners LP and Trenor Trust*

By: _____
Michael Levine, Esq.
15 Barclay Road
Scarsdale, New York 10583
Telephone: (914) 600-4528
ml@levlaw.org

Dated: October 26, 2020
New York, New York

COHEN TAUBER SPIEVACK & WAGNER P.C.
*Attorneys for NYFLA Investors LLC*

By: *Sari E. Kolatch*
Sari E. Kolatch, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Telephone: (212) 381-8729
skolatch@ctswlaw.com

Dated: October 26, 2020
New York, New York

CURTIS, MALLET-PREVOST, COLT
& MOSLE LLP
*Attorneys for Mark Nordlicht and*
*Henley Investment Partners LP*

By: _____
Gabriel Hertzberg, Esq.
101 Park Avenue
New York, NY 10170
Telephone: (212) 696-8856
ghertsberg@curtis.com

Dated: October 26, 2020
New York, New York

*Barbara Nordlicht* (signature)
Barbara Nordlicht

**16th Avenue Associates, LLC**

By: _____
Dahlia Kalter, Managing Member

**Jerome Management LLC**

By: _____
Dahlia Kalter, Managing Member

Dated: October 26, 2020
New York, New York

_____
Barbara Nordlicht

**16th Avenue Associates, LLC**
By: _____
Dahlia Kalter, Managing Member

**Jerome Management LLC**
By: _____
Dahlia Kalter, Managing Member