SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Richard Stadtmauer and Marisa Stadtmauer,

Plaintiffs,

—against—

Mark Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates, LLC, Trenor Trust, Jerome Management LLC, and John Does 1-50,

Defendants.

Index No. 51825/2020

**SUPPLEMENTAL COMPLAINT**

## I. SUPPLEMENTAL PRELIMINARY STATEMENT

1. This pleading supplements the complaint (the "Original Complaint") filed in this matter on February 5, 2020 (the "Original Filing Date"). In the Original Complaint, Plaintiffs alleged an extensive scheme of multiple fraudulent transfers running into the tens of millions of dollars. NYSCEF Doc. No. 2 at ¶¶ 1-6. The scheme involved a specific *modus operandi* whereby Mr. Nordlicht placed significant assets under the nominal ownership of a shell company owned and managed in name by his wife, Dahlia Kalter, and then exercised dominion and control over those assets. *See id.* Plaintiffs alleged a number of transfers they had identified through extensive pre-filing diligence, but noted that the "full extent" of the scheme was unknowable without discovery. *Id.* at ¶ 4.

2. True to Plaintiffs' original allegations, the limited discovery received to date (almost entirely from third parties) has already revealed the massive scale of Mr. Nordlicht's fraud on his creditors. Mr. Nordlicht continues to claim poverty, threaten bankruptcy, and refuse to pay Plaintiffs' legitimate claims decided against him in a binding arbitration. But all the while

1

98. Plaintiffs are entitled to declaration invalidating NYFLA's purported mortgage in the Manhattan Condo because it does not secure any *bona fide* obligation.

99. Plaintiffs are entitled to a declaration invalidating NYFLA's purported mortgage in the Manhattan Condo because it is subject to equitable subordination and/or recharacterization as equity instead of debt.

## COUNT VII: DECLARATORY RELIEF
### (AGAINST DAHLIA KALTER AND 16th AVENUE ASSOCIATES, LLC)

100. Plaintiffs repeat and re-allege the facts set forth above and in the Original Complaint as if fully set forth herein.

101. Plaintiffs are entitled to a declaration that Mark Nordlicht is the equitable owner of the LLC interests in 16th Avenue Associates, LLC, which are nominally held in Ms. Kalter's name, and which should be applied to satisfy Plaintiffs' claims.

## COUNT VIII: FRAUDULENT TRANSFER
### (AGAINST 16th AVENUE ASSOCIATES, LLC)

102. Plaintiffs repeat and re-allege the facts set forth above and in the Original Complaint as if fully set forth herein.

103. As part of the ongoing scheme to avoid creditor claims pled in detail herein and in the Original Complaint, Mr. Nordlicht and/or Ms. Kalter have transferred millions of dollars out of the bank account of 16th Avenue Associates, LLC for their own individual expenses.

104. Upon information and belief, these transfers were made with actual intent to defraud creditors and for inadequate consideration.

## COUNT IX: CONSTRUCTIVE TRUST
### (AGAINST ALL DEFENDANTS)

105. Plaintiffs repeat and re-allege the facts set forth above and in the Original Complaint as if fully set forth herein.

20-06489-rdd    Doc 18-2    Filed 02/16/21    Entered 02/16/21 21:16:20    Exhibit B: Excerpt from State Court Supplemental Complaint with Constructive Tru    Pg 3 of 3

FILED: WESTCHESTER COUNTY CLERK 06/25/2020 11:39 PM                                     INDEX NO. 51825/2020
NYSCEF DOC. NO. 204                                                          RECEIVED NYSCEF: 06/25/2020

106.  Each of the defendants named herein has knowingly participated in fraudulent conduct with the objective of frustrating valid creditor claims.

107.  All monies held by any Defendant that are (i) traceable to Mark Nordlicht or any of his *alter ego* entities or (ii) equitably owned by Mark Nordlicht are held in constructive trust for Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully a judgment awarding supplemental relief in their favor and against Defendants for:

  a. Declaratory relief as set forth herein;

  b. Actual damages in an amount to be determined at trial;

  c. Punitive damages;

  d. Pre-judgment interest;

  e. Reasonable attorney's fees and costs of litigation; and

  f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated: June 25, 2020  
New York, New York

STEPTOE & JOHNSON LLP

By: /s/ Nathaniel J. Kritzer

Nathaniel J. Kritzer  
Evan Glassman  
Jason E. Meade  
1114 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 506-3900  
Facsimile: (212) 506-3950  
Email: nkritzer@steptoe.com  
Email: eglassman@steptoe.com  
Email: jmeade@steptoe.com

*Attorneys for Plaintiffs.*