FILED: WESTCHESTER COUNTY CLERK 07/01/2020 09:37 AM
NYSCEF DOC. NO. 226
20-06489-rdd   Doc 18-5   Filed 02/16/21   Entered 02/16/21 21:16:20   Exhibit E:
State Court Decision/Order Uploaded on Docket on 7/1/20   Pg 1 of 5

INDEX NO. 51825/2020
RECEIVED NYSCEF: 06/30/2020

To commence the statutory time period for appeals as of right (CPLR § 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

Disp _____    Dec __x__    Seq. Nos._4, 5, 6_    Type __dismiss__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

**PRESENT: HON. LINDA S. JAMIESON**
----------------------------------------X
RICHARD STADTMAUER and MARISA              Index No. 51825/2020
STADTMAUER,

                    Plaintiffs,           <u>DECISION AND ORDER</u>

          -against-

Mark Nordlicht, Dahlia Kalter, 535
W.E.A. Group LLC, OBH 2308 LLC, NYFLA
Investors LLC, Gilad Kalter Cook
Islands Trust Limited, Trenor Investment
Partners LP, Henley Investment Partners
LP, and John Does 1-50,

                    Defendants.
----------------------------------------X

   The following papers numbered 1 to 11 were read on these

motions:

| <u>Paper</u> | <u>Number</u> |
|---|---|
| Notice of Motion, Affirmation and Exhibits | 1 |
| Memorandum of Law | 2 |
| Notice of Motion and Exhibit | 3 |
| Memorandum of Law | 4 |
| Notice of Motion and Exhibit | 5 |
| Memorandum of Law | 6 |
| Affirmation and Exhibits in Opposition | 7 |
| Memorandum of Law in Opposition | 8 |
| Memorandum of Law in Reply | 9 |
| Memorandum of Law in Reply | 10 |

Memorandum of Law in Reply                                              11

    There are three motions to dismiss before the Court in this case involving a substantial arbitration award of over $14 million that plaintiffs have received against defendant Mark Nordlicht. The first motion was filed by defendant NYFLA Investors LLC ("NYFLA"). The second was filed by defendants Mark Nordlicht and Henley Investment Partners LP (collectively, "Nordlicht"). The third motion was filed by Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC and The Trenor Trust (mistakenly sued as the "Gilad Kalter Cook Islands Trust") (collectively, "Kalter").

    In this Court's previous Decision and Order confirming a provisional order of attachment, it held that "in many instances defendants' allegations appear entirely implausible or are directly contradicted by evidence that plaintiffs submit on reply." On these motions to dismiss, the parties submit to the Court extensive narratives about what they each contend are, and are not, the facts. Not surprisingly, they continue to take diametrically opposed positions on the same sets of circumstances.

    The Second Department has explained that "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every

FILED: WESTCHESTER COUNTY CLERK 07/01/2020 09:37 AM
NYSCEF DOC. NO. 226
INDEX NO. 51825/2020
RECEIVED NYSCEF: 06/30/2020
20-06489-rdd   Doc 18-5   Filed 02/16/21   Entered 02/16/21 21:16:20   Exhibit E:
State Court Decision/Order Uploaded on Docket on 7/1/20   Pg 3 of 5

possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. . . . Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it." *Georgica Builders, Ltd. v. 136 Bishops Lane, LLC*, 175 A.D.3d 610, 611, 106 N.Y.S.3d 345, 346-47 (2d Dept. 2019). The Second Department also explained that "Affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that the plaintiff has no cause of action." *Bd. of Managers of 285 Driggs Ave. Condo. v. 285 Driggs Ave., LLC*, 173 A.D.3d 821, 822, 103 N.Y.S.3d 117, 119 (2d Dept. 2019).

In this action, defendants have failed to establish "conclusively" that plaintiffs have no causes of action with respect to the first cause of action, for actual fraudulent conveyance, and the second cause of action, for constructive fraudulent conveyance. The fourth cause of action, for a prejudgment order of attachment, is moot. The Court has already granted this order, and has confirmed it.

FILED: WESTCHESTER COUNTY CLERK 07/01/2020 09:37 AM	INDEX NO. 51825/2020
NYSCEF DOC. NO. 226	RECEIVED NYSCEF: 06/30/2020

20-06489-rdd    Doc 18-5    Filed 02/16/21    Entered 02/16/21 21:16:20    Exhibit E:
State Court Decision/Order Uploaded on Docket on 7/1/20    Pg 4 of 5

The third cause of action seeks to pierce the corporate veil/alter ego. Defendants claim that this is not a cause of action. Under the circumstances present in this action, the Court disagrees. The Second Department has stated that "to survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene." *Olivieri Const. Corp. v. WN Weaver St., LLC*, 144 A.D.3d 765, 766, 41 N.Y.S.3d 59, 61 (2d Dept. 2016). Plaintiffs have certainly made such allegations. Whether they will be able to substantiate them remains to be seen.

All other requests for relief are denied.

The foregoing constitutes the decision and order of the Court.

Dated:    White Plains, New York
          June 29, 2020

                                        *[signature]*

                                        HON. LINDA S. JAMIESON
                                        Justice of the Supreme Court

To:  Steptoe & Johnson LLP
     Attorneys for Plaintiffs
     1114 Avenue of the Americas
     New York, New York 10036

4

Cohen Tauber et al.
Attorneys for NYFLA Investors LLC
420 Lexington Avenue, Suite 2400
New York, New York 10170

Curtis, Mallet-Prevost et al.
Attorneys for Defendants Mark Nordlicht and
Henley Investment Partners LP
101 Park Avenue
New York, New York 10178

Levine & Associates, P.C.
Attorneys for Dahlia Kalter, 535 W.E.A. Group LLC,
    OBH 2308 LLC and The Trenor Trust
15 Barclay Road
Scarsdale, NY 10583