B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Mark A. Nordlicht

Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-22782-rdd

Chapter  7

_____

Plaintiff

v.

Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Dahlia Kalter

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All documents responsive to the Requests in Exhibit A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2020

CLERK OF COURT

OR

_____

Signature of Clerk or Deputy Clerk

*/s/ Nathaniel J. Kritzer*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Richard and Marisa Stadtmauer  , who issues or requests this subpoena, are:
Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

<u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York, as

incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York,

shall apply to these Requests.  All defined terms shall be given their defined meaning whether or

not they are capitalized.

2.      "Nordlicht Parties" means and includes:

(i)      Mark Nordlicht, Barbara Nordlicht, You, 535 W.E.A. Group LLC, OBH

2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust,

Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306

Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome

Management LLC;

(ii)      all entities, corporations, companies, partnerships, joint ventures, firms,

proprietorships, trusts, or any other business organizations which are owned, founded by,

controlled by, managed by, "care of," or held for the benefit of any person or entity identified in

subsection (i) of this definition or any children of Mark Nordlicht and You;

(iii)      any entity, individual, firm, or corporation, directly or indirectly, through

one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or You directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or You directly or indirectly hold a partnership interest; and

        (iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

        3.    "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

        4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

        5.    "You" or "your" means and includes you and any agents or persons acting on your behalf or under your control.

        6.    In construing these requests, the following rules shall apply: **(i)** the connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall

be construed to include "any," "all," "each," and "every," together; **(iii)** the term "including" shall mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

7.      These Requests shall be deemed continuing so as to require prompt supplemental responses if, between the date hereof and the conclusion of this Proceeding, You discover any additional Documents responsive to these requests.

8.      The Documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests.

9.      If any portion of a Document is responsive to a request, You must produce the entire Document.

10.     For each Document responsive to this request withheld under a claim of privilege, You must provide the following information in a privilege log that shall be produced along with all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document; **(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other information as is sufficient to identify the Document and establish the privilege claimed, including, where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

11.     In the event that You do not have Documents within Your possession, custody, or control that are responsive to any particular Request set forth below, Your response to such Request shall specifically state that You have no responsive Documents within You possession, custody, or control, regardless of whether or not You also interpose any objection to such Request.

12.    As part of this process, You must preserve or suspend from deletion, overwriting,

modification, or other destruction all Documents and Communications in your possession,

custody, or control that are relevant to these Requests or to the above-captioned matter, including

all paper and electronic Documents and Communications. If You are unsure whether certain

Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents and Communications concerning 535 W.E.A. Group LLC, OBH 2308

LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor

Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, or Jerome

Management LLC.

**REQUEST NO. 2:**

All Documents and Communications concerning the real property located at 535 West End

Avenue, Unit No. 15, New York, New York, 10024; at 245 Trenor Drive, New Rochelle, New

York, 10804; and at 10295 Collins Avenue, Unit 2308, Bal Harbour, Florida, 33154.

**REQUEST NO. 3:**

All Documents and Communications concerning any and all Financial Accounts held by

or for the benefit of any of the Nordlicht Parties, whether held directly or indirectly.

**REQUEST NO. 4:**

All Documents and Communications concerning any and all Trusts that You have set up

or caused to be set up at any time, either as trustee or beneficiary, any and all Trusts that You

control, and any and all Trusts that exist for Your benefit or for the benefit of Your children.

5

**REQUEST NO. 5:**

All Documents and Communications concerning any and all Limited Liability Companies, partnerships, or corporations that You have set up or caused to be set up at any time, either as member or manager.

**REQUEST NO. 6:**

All Documents and Communications concerning any and all real estate occupied or owned, directly or indirectly, by any Nordlicht Party, or held in some other form for the current or future benefit of any Nordlicht Party or any of Your children, including but not limited to all Documents concerning any and all insurance policies for any such real estate.

**REQUEST NO. 7:**

All Documents concerning any Transfers between any Nordlicht Party, on the one hand, and Barbara Nordlicht and/or Jules Nordlicht, on the other hand.

**REQUEST NO. 8:**

All Communications between You and any person affiliated with Hutton Ventures LLC.

**REQUEST NO. 9:**

All Documents and Communications concerning (i) the Loan Sale Agreement, dated as of January 31, 2017, by and among Hutton Ventures LLC, NYFLA Investors LLC, 535 W.E.A. Group LLC, OBH 2308 LLC, You, and Mark Nordlicht, which is referred to in the Assignment of Mortgage instruments dated January 30, 2017 between Hutton Ventures LLC and NYFLA Investors LLC (the "Loan Sale Agreement"); and/or (ii) the loans, mortgages, and other transactions underlying or relating to the Loan Sale Agreement.

6

**REQUEST NO. 10:**

All Documents and Communications concerning the wills of Jules Nordlicht and Barbara

Nordlicht or any actual or potential inheritances by You from the estates of Jules Nordlicht and

Barbara Nordlicht.

**REQUEST NO. 11:**

All Communications between You and Jules Nordlicht or any of his representatives

concerning any actual or potential Transfer, loan, or inheritance.

**REQUEST NO. 12:**

All Documents and Communications concerning the trust referred to as "Mark's Trust"

and described in Article 4, Section D of the Last Will and Testament of Jules Nordlicht, dated July

12, 2017, including but not limited to all Documents and Communications concerning any assets

devised to Mark's Trust.

**REQUEST NO. 13:**

All of Your tax returns and any associated filings.

**REQUEST NO. 14:**

All Documents and Communications concerning any Transfers by or to any Nordlicht

Party, including any payments made to or deposits received by any Financial Account held by or

for the benefit of any of the Nordlicht Parties, from April 1, 2020 to the present, inclusive.

**REQUEST NO. 15:**

All documents and communications regarding the claims asserted by the Dresden

Investments LTD., Golda Wilk, Business Ventures of N.Y. Corp., Bernard Fuchs, Sanz

Community Institutions (together the "Objecting Creditors" and each an "Objecting Creditor")

against Mark Nordlicht, including but not limited to any written guaranties or other underlying

7

documents forming the basis for such claims, and any communications regarding any written guaranties or other underlying documents forming the basis for such claims.

**REQUEST NO. 16:**

All communications on or after June 30, 2020 between any of the Nordlicht Parties, on the one hand, and any of the Objecting Creditors and/or counsel for any of the Objecting Creditors, including but not limited to the Law Office of Jeremy Rosenberg, on the other hand.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Mark A. Nordlicht

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 20-22782-rdd

Chapter 7

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Hutton Ventures LLC

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Definitions and Instructions and Requests.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/28/2020

CLERK OF COURT

OR

_____       /s/ Nathaniel J. Kritzer

Signature of Clerk or Deputy Clerk         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard and Marisa Stadtmauer   , who issues or requests this subpoena, are:

Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
 ...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.    The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, shall apply to these Requests.  All defined terms shall be given their defined meaning whether or not they are capitalized.

2.    "Nordlicht Parties" means and includes:

(i)    Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome Management LLC;

(ii)    all entities, corporations, companies, partnerships, joint ventures, firms, proprietorships, trusts, or any other business organizations which are owned, founded by, controlled by, managed by, "care of," or held for the benefit of any person or entity identified in subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)    any entity, individual, firm, or corporation, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a partnership interest; and

(iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

3.    "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

5.    "You" or "your" means and includes Hutton Ventures LLC, and any and all successor and later-affiliated entities, together with any agents or persons acting on behalf of or under the control of such persons or entities.

6.    In construing these requests, the following rules shall apply: **(i)** the connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall

3

be construed to include "any," "all," "each," and "every," together; **(iii)** the term "including" shall mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

7.      These Requests shall be deemed continuing so as to require prompt supplemental responses if, between the date hereof and the conclusion of this Proceeding, You discover any additional Documents responsive to these requests.

8.      The Documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests.

9.      If any portion of a Document is responsive to a request, You must produce the entire Document.

10.      For each Document responsive to this request withheld under a claim of privilege, You must provide the following information in a privilege log that shall be produced along with all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document; **(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other information as is sufficient to identify the Document and establish the privilege claimed, including, where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

11.      In the event that You do not have Documents within Your possession, custody, or control that are responsive to any particular Request set forth below, Your response to such Request shall specifically state that You have no responsive Documents within You possession, custody, or control, regardless of whether or not You also interpose any objection to such Request.

4

12.     As part of this process, You must preserve or suspend from deletion, overwriting, modification, or other destruction all Documents and Communications in your possession, custody, or control that are relevant to these Requests or to the above-captioned matter, including all paper and electronic Documents and Communications. If You are unsure whether certain Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents and Communications concerning any of the Nordlicht Parties.

**REQUEST NO. 2:**

All Communications between You and any of the Nordlicht Parties.

**REQUEST NO. 3:**

All Documents and Communications concerning the real property located at 535 West End Avenue, Unit No. 15, New York, New York, 10024.

**REQUEST NO. 4:**

All Documents and Communications concerning the real property located at 10295 Collins Avenue, Unit 2308, Bal Harbour, Florida, 33154.

**REQUEST NO. 5:**

All Documents and Communications concerning (i) the Loan Sale Agreement, dated as of January 31, 2017, by and among Hutton Ventures LLC, NYFLA Investors LLC, 535 W.E.A. Group LLC, OBH 2308 LLC, Dahlia Kalter, and Mark Nordlicht, which is referred to in the Assignment of Mortgage instruments dated January 30, 2017 between Hutton Ventures LLC and NYFLA Investors LLC (the "Loan Sale Agreement"); and/or (ii) the loans, mortgages, and other transactions underlying or relating to the Loan Sale Agreement.

**REQUEST NO. 6:**

All Communications between You and Jules Nordlicht and/or any of his representatives.

**REQUEST NO. 7:**

All Communications between You and Albert Kalter and/or any person affiliated with the law firm of Albert Kalter, P.C.

**REQUEST NO. 8:**

All Communications between You and Jeffrey Alberts of Pryor Cashman LLP, and/or anyone working on his behalf or under his direction.

**REQUEST NO. 9:**

All Communications between You and Murray Huberfeld or any of his representatives concerning any of the Nordlicht Parties, the real property located at 535 West End Avenue, Unit No. 15, New York, New York, 10024, and/or the real property located at 10295 Collins Avenue, Unit 2308, Bal Harbour, Florida, 33154, including any Communications concerning any loans to or other deals involving any of the Nordlicht Parties.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Mark A. Nordlicht
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  20-22782-rdd

Chapter  7

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  16th Avenue Associates LLC
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All documents responsive to the Requests in Exhibit A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2020

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Nathaniel J. Kritzer
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard and Marisa Stadtmauer , who issues or requests this subpoena, are:
Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.      The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, shall apply to these Requests. All defined terms shall be given their defined meaning whether or not they are capitalized.

2.      "Nordlicht Parties" means and includes:

(i)      Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome Management LLC;

(ii)      all entities, corporations, companies, partnerships, joint ventures, firms, proprietorships, trusts, or any other business organizations which are owned, founded by, controlled by, managed by, "care of," or held for the benefit of any person or entity identified in subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)      any entity, individual, firm, or corporation, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a partnership interest; and

(iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

3.    "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

5.    "Transfer Parties" means and includes the Estate of Jules Nordlicht, Crichton House Holdings LLC, International Financial Enterprise, Family Generations, Goldstone Partners LLC, Chainbridge Funding LLC, Riverside Abstract LLC, Moshe Orlinsky, Park Place Health Care Center LLC, Pinnacle Title and Escrow Inc., Oceanstar Partners LLC, Serenity Holdings LLC, Fund So Fast, The Thrift Box, Dahlia Kalter, Yellowstone Capital West LLC, Beachstar Partners LLC, ACH Capital LLC, GMA USA LLC, Cardinal Equity, LLC, Nevada Comstock Mining Company, and Carelink Health Care Agency.

6.    "You" or "your" means and includes 16th Avenue Associates LLC, and any and all

successor and later-affiliated entities, together with any agents or persons acting on behalf of or

under the control of such persons or entities.

7.    In construing these requests, the following rules shall apply: **(i)** the connectives

"and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed as

being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall

be construed to include "any," "all," "each," and "every," together; **(iii)** the term "including" shall

mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

8.    These Requests shall be deemed continuing so as to require prompt supplemental

responses if, between the date hereof and the conclusion of this Proceeding, You discover any

additional Documents responsive to these requests.

9.    The Documents requested herein are to be produced as they are kept in the usual

course of business, or organized and labeled to correspond to the numbered paragraphs and/or

categories of particular requests.

10.    If any portion of a Document is responsive to a request, You must produce the entire

Document.

11.    For each Document responsive to this request withheld under a claim of privilege,

You must provide the following information in a privilege log that shall be produced along with

all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed

and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document;

**(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other

information as is sufficient to identify the Document and establish the privilege claimed, including,

where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship
between the author(s) and addressee(s).

12.    In the event that You do not have Documents within Your possession, custody, or
control that are responsive to any particular Request set forth below, Your response to such
Request shall specifically state that You have no responsive Documents within You possession,
custody, or control, regardless of whether or not You also interpose any objection to such Request.

13.    As part of this process, You must preserve or suspend from deletion, overwriting,
modification, or other destruction all Documents and Communications in your possession,
custody, or control that are relevant to these Requests or to the above-captioned matter, including
all paper and electronic Documents and Communications. If You are unsure whether certain
Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents concerning Your organization and ownership, including but not limited to
Your certificate of formation, articles of incorporation or organization, bylaws, limited liability
company agreement, or other organizing or governing documents, and including documents
reflecting Your full membership or ownership structure at all times from its formation to the
present, including documents sufficient to show all natural persons with a direct or indirect
economic interest in You.

**REQUEST NO. 2:**

All of Your tax returns and any associated filings.

**REQUEST NO. 3:**

All Documents and Communications concerning any and all Financial Accounts held by
or for Your benefit, whether held directly or indirectly.

**REQUEST NO. 4:**

All Documents and Communications concerning any and all Limited Liability Companies, partnerships, or corporations in which You have an interest, either as member or manager.

**REQUEST NO. 5:**

All Documents and Communications concerning any and all real property owned or occupied, whether directly or indirectly, by You or any other Nordlicht Party, or held in some other form for the current or future benefit of any Nordlicht Party or any of Mark Nordlicht and Dahlia Kalter's children, including but not limited to all Documents concerning any and all insurance policies for any such real estate.

**REQUEST NO. 6:**

All Documents and Communications concerning any Transfers by or to You from April 1, 2020 to the present, inclusive.

**REQUEST NO. 7:**

All Documents and Communications concerning any transactions between You and any Nordlicht Party.

**REQUEST NO. 8:**

All Communications between You and any of the Transfer Parties.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Mark A. Nordlicht
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 20-22782-rdd

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    NYFLA Investors LLC
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Definitions and Instructions and Requests.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2020

CLERK OF COURT

_____          OR          /s/ Nathaniel J. Kritzer
Signature of Clerk or Deputy Clerk                      _____
                                                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard and Marisa Stadtmauer   , who issues or requests this subpoena, are:
Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.    The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the

Local Rules of the United States District Courts for the Southern and Eastern Districts of New

York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of

New York, shall apply to these Requests.  All defined terms shall be given their defined meaning

whether or not they are capitalized.

2.    "Nordlicht Parties" means and includes:

(i)    Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group

LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the

Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue

Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd

LLC, or Jerome Management LLC;

(ii)    all entities, corporations, companies, partnerships, joint ventures, firms,

proprietorships, trusts, or any other business organizations which are owned, founded by,

controlled by, managed by, "care of," or held for the benefit of any person or entity identified in

subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)    any entity, individual, firm, or corporation, directly or indirectly, through

one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any

limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a

membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or

indirectly hold a partnership interest; and

      (iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York;

535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami

Beach, Florida.

      3.    "Financial Account" means any bank account, savings account, checking account,

securities account, money market account, certificate of deposit account, investment retirement

account, brokerage account, deposit account, transactional account, demand deposit account,

personal account, debit account, special savings bank account, peer-to-peer lending account,

offshore account, or any similar account, entity, or medium for storing, investing, or

safeguarding assets.

      4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers,

mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of

any property or interest therein or possession thereof.

      5.    "You" or "your" means and includes NYFLA Investors LLC, and any and all

successor and later-affiliated entities, together with any agents or persons acting on behalf of or

under the control of such persons or entities.

      6.    In construing these requests, the following rules shall apply: **(i)** the connectives

"and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed

as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually,

3

shall be construed to include "any," "all," "each," and "every," together; **(iii)** the term "including" shall mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

7.    These Requests shall be deemed continuing so as to require prompt supplemental responses if, between the date hereof and the conclusion of this Proceeding, You discover any additional Documents responsive to these requests.

8.    The Documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests.

9.    If any portion of a Document is responsive to a request, You must produce the entire Document.

10.    For each Document responsive to this request withheld under a claim of privilege, You must provide the following information in a privilege log that shall be produced along with all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document; **(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other information as is sufficient to identify the Document and establish the privilege claimed, including, where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

11.    In the event that You do not have Documents within Your possession, custody, or control that are responsive to any particular Request set forth below, Your response to such Request shall specifically state that You have no responsive Documents within You possession,

custody, or control, regardless of whether or not You also interpose any objection to such Request.

12.    As part of this process, You must preserve or suspend from deletion, overwriting, modification, or other destruction all Documents and Communications in your possession, custody, or control that are relevant to these Requests or to the above-captioned matter, including all paper and electronic Documents and Communications. If You are unsure whether certain Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents concerning the organization and ownership of NYFLA Investors LLC, including but not limited to its certificate of formation, articles of incorporation or organization, bylaws, limited liability company agreement, or other organizing or governing documents, and including documents reflecting the full membership or ownership structure of NYFLA Investors LLC at all times from its formation to the present, including documents sufficient to show all natural persons with a direct or indirect economic interest in NYFLA Investors LLC.

**REQUEST NO. 2:**

All tax returns and any associated filings for NYFLA Investors LLC.

**REQUEST NO. 3:**

All Documents and Communications with or concerning 535 W.E.A. Group LLC or any of the Nordlicht Parties.

**REQUEST NO. 4:**

All Documents and Communications concerning the Loan Sale Agreement, dated as of January 31, 2017, by and among Hutton Ventures LLC, NYFLA Investors LLC, 535 W.E.A. Group LLC, OBH 2308 LLC, Dahlia Kalter, and Mark Nordlicht, which is referred to in the

5

Assignment of Mortgage instruments dated January 30, 2017 between Hutton Ventures LLC and NYFLA Investors LLC (the "Loan Sale Agreement").

**REQUEST NO. 5:**

All Documents and Communications concerning the loans, mortgages, and other transactions underlying or relating to the Loan Sale Agreement.

**REQUEST NO. 6:**

All Documents and Communications concerning the real property located at 535 West End Avenue, Unit No. 15, New York, New York, 10024.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Mark A. Nordlicht
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-22782-rdd

Chapter  7

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Barbara Nordlicht
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All documents responsive to the Requests in Exhibit A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2020

CLERK OF COURT

OR

_____          /s/ Nathaniel J. Kritzer
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Richard and Marisa Stadtmauer   , who issues or requests this subpoena, are:
Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.     The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, shall apply to these Requests.  All defined terms shall be given their defined meaning whether or not they are capitalized.

2.     "Nordlicht Parties" means and includes:

(i)     Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome Management LLC;

(ii)     all entities, corporations, companies, partnerships, joint ventures, firms, proprietorships, trusts, or any other business organizations which are owned, founded by, controlled by, managed by, "care of," or held for the benefit of any person or entity identified in subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)     any entity, individual, firm, or corporation, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a partnership interest; and

(iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

3.    "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

5.    "You" or "your" means and includes you and any agents or persons acting on your behalf or under your control.

6.    In construing these requests, the following rules shall apply: **(i)** the connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall

3

be construed to include "any," "all," "each," and "every," together; **(iii)** the term "including" shall

mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

7.    These Requests shall be deemed continuing so as to require prompt supplemental

responses if, between the date hereof and the conclusion of this Proceeding, You discover any

additional Documents responsive to these requests.

8.    The Documents requested herein are to be produced as they are kept in the usual

course of business, or organized and labeled to correspond to the numbered paragraphs and/or

categories of particular requests.

9.    If any portion of a Document is responsive to a request, You must produce the entire

Document.

10.    For each Document responsive to this request withheld under a claim of privilege,

You must provide the following information in a privilege log that shall be produced along with

all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed

and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document;

**(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other

information as is sufficient to identify the Document and establish the privilege claimed, including,

where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship

between the author(s) and addressee(s).

11.    In the event that You do not have Documents within Your possession, custody, or

control that are responsive to any particular Request set forth below, Your response to such

Request shall specifically state that You have no responsive Documents within You possession,

custody, or control, regardless of whether or not You also interpose any objection to such Request.

4

12.     As part of this process, You must preserve or suspend from deletion, overwriting,

modification, or other destruction all Documents and Communications in your possession,

custody, or control that are relevant to these Requests or to the above-captioned matter, including

all paper and electronic Documents and Communications. If You are unsure whether certain

Documents or Communications are relevant, You should preserve them.

**REQUESTS**

**REQUEST NO. 1:**

All Documents and Communications concerning the estate of Jules Nordlicht (the

"Estate"), including any documents filed with the Surrogate's Court by or concerning the Estate;

any tax returns filed by the Estate; any lists, inventories, or other accounting of the assets of the

Estate, including any valuations of any such assets.

**REQUEST NO. 2:**

All Documents and Communications concerning the trust referred to as "Mark's Trust"

and described in Article 4, Section D of the Last Will and Testament of Jules Nordlicht, dated

July 12, 2017, including any organizational documents and tax returns for Mark's Trust.

**REQUEST NO. 3:**

All Documents and Communications concerning NYFLA Investors LLC, including any

organizational documents or tax returns, any books and records, and any Documents and

Communications reflecting the creation or operation of NYFLA Investors LLC or the disposition

of any interests in NYFLA Investors LLC.

**REQUEST NO. 4:**

All Documents and Communications concerning any Transfers between any Nordlicht

Party, on the one hand, and You, Jules Nordlicht, any entities owned or controlled by You or

5

Jules Nordlicht, or any agents or persons acting on behalf of You or Jules Nordlicht, on the other hand.

**REQUEST NO. 5:**

All of Your tax returns and any associated filings for 2014 and all subsequent years.

**REQUEST NO. 6:**

All of Jules Nordlicht's tax returns and any associated filings for 2014 and all subsequent years.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Mark A. Nordlicht

Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-22782-rdd

Chapter  7

Plaintiff

v.

Defendant

Adv. Proc. No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Metropolitan Commercial Bank

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Definitions and Instructions and Requests.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/28/2020

CLERK OF COURT

OR

_____          */s/ Nathaniel J. Kritzer*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard and Marisa Stadtmauer    , who issues or requests this subpoena, are:
Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.      The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, shall apply to these Requests. All defined terms shall be given their defined meaning whether or not they are capitalized.

2.      "Nordlicht Parties" means and includes:

(i)      Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome Management LLC;

(ii)      all entities, corporations, companies, partnerships, joint ventures, firms, proprietorships, trusts, or any other business organizations which are owned, founded by, controlled by, managed by, "care of," or held for the benefit of any person or entity identified in subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)      any entity, individual, firm, or corporation, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with any person

2

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a partnership interest; and

(iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

3.    "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

4.    "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

5.    "You" or "your" means and includes you and any agents or persons acting on your behalf or under your control.

6.    In construing these requests, the following rules shall apply: **(i)** the connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall be construed to include "any," "all," "each," and "every," together; **(iii)** the term

3

"including" shall mean "including, but not limited to," and (iv) the singular shall include the plural, and vice versa.

7.      These Requests shall be deemed continuing so as to require prompt supplemental responses if, between the date hereof and the conclusion of this Proceeding, You discover any additional Documents responsive to these requests.

8.      The Documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests.

9.      If any portion of a Document is responsive to a request, You must produce the entire Document.

10.      For each Document responsive to this request withheld under a claim of privilege, You must provide the following information in a privilege log that shall be produced along with all other responsive Documents: (i) the nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim; (ii) the type of Document; (iii) the general subject matter of the Document; (iv) the date of the Document; and (v) such other information as is sufficient to identify the Document and establish the privilege claimed, including, where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

11.      In the event that You do not have Documents within Your possession, custody, or control that are responsive to any particular Request set forth below, Your response to such Request shall specifically state that You have no responsive Documents within You possession, custody, or control, regardless of whether or not You also interpose any objection to such Request.

12.    As part of this process, You must preserve or suspend from deletion, overwriting, modification, or other destruction all Documents and Communications in your possession, custody, or control that are relevant to these Requests or to the above-captioned matter, including all paper and electronic Documents and Communications. If You are unsure whether certain Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents concerning any and all Financial Accounts held by any of the Nordlicht Parties, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

**REQUEST NO. 2:**

All Documents concerning any and all Financial Accounts over which any of the Nordlicht Parties possess signature authority, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

5

**REQUEST NO. 3:**

All Documents concerning any and all Financial Accounts held for the benefit of any of the Nordlicht Parties or in trust for any of the Nordlicht Parties, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

**REQUEST NO. 4:**

All Documents concerning any Transfers to any of the Nordlicht Parties or to any Financial Accounts held for the benefit of any of the Nordlicht Parties or in trust for any of the Nordlicht Parties.

**REQUEST NO. 5:**

All account opening documents for any and all Financial Accounts held by Chainbridge Funding LLC, Goldstone Capital LLC, and Goldstone Partners LLC.

**REQUEST NO. 6:**

All account statements from June 2018 to the present for any and all Financial Accounts held by Chainbridge Funding LLC, Goldstone Capital LLC, and Goldstone Partners LLC.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Mark A. Nordlicht
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-22782-rdd

Chapter  7

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    International Financial Enterprise Bank
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:    See attached Definitions and Instructions and Requests.

| PLACE | DATE AND TIME |
|---|---|
| Civil Process Direct, LLC, 706 Main Street, Suite 100, Dallas, TX 75202 | Within 7 days of service |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date:  10/30/2020

CLERK OF COURT

                                               OR

_____              */s/ Nathaniel J. Kritzer*
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Richard and Marisa Stadtmauer    , who issues or requests this subpoena, are:
 Nathaniel J. Kritzer, Steptoe & Johnson LLP, 1114 Avenue of the Americas, New York, NY 10036, nkritzer@steptoe.com, (212) 506-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the
inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on
the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 7 |
| Mark A. Nordlicht, | Case No. 20-22782-rd |
| Debtor. | Hon. Robert D. Drain |

## DEFINITIONS AND INSTRUCTIONS

1.      The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, shall apply to these Requests. All defined terms shall be given their defined meaning whether or not they are capitalized.

2.      "Nordlicht Parties" means and includes:

(i)      Mark Nordlicht, Barbara Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited or the Trenor Trust, Trenor Investment Partners LP, Henley Investment Partners LP, 16th Avenue Associates LLC, 306 Malcolm X Blvd LLC, 306A Malcolm X Blvd LLC, 308 Malcolm X Blvd LLC, or Jerome Management LLC;

(ii)      all entities, corporations, companies, partnerships, joint ventures, firms, proprietorships, trusts, or any other business organizations which are owned, founded by, controlled by, managed by, "care of," or held for the benefit of any person or entity identified in subsection (i) of this definition or any children of Mark Nordlicht and Dahlia Kalter;

(iii)      any entity, individual, firm, or corporation, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with any person

or entity identified in subsections (i) or (ii) of this definition, including but not limited to any limited liability company in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a membership interest, or any partnership in which Mark Nordlicht or Dahlia Kalter directly or indirectly hold a partnership interest; and

      (iv)    any entity with the address 245 Trenor Drive, New Rochelle, New York; 535 West End Ave. No. 15, New York, New York; or 10295 Collins Avenue, No. 2308, Miami Beach, Florida.

3.      "Financial Account" means any bank account, savings account, checking account, securities account, money market account, certificate of deposit account, investment retirement account, brokerage account, deposit account, transactional account, demand deposit account, personal account, debit account, special savings bank account, peer-to-peer lending account, offshore account, or any similar account, entity, or medium for storing, investing, or safeguarding assets.

4.      "Transfers" means any assignments, pledges, conveyances, sales, transfers, mortgages, liens, encumbrances, gifts, payments, or any other dispositions, direct or indirect, of any property or interest therein or possession thereof.

5.      "You" or "your" means and includes you and any agents or persons acting on your behalf or under your control.

6.      In construing these requests, the following rules shall apply: **(i)** the connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope; **(ii)** the terms "any," "all," "each," and "every," used individually, shall be construed to include "any," "all," "each," and "every," together; **(iii)** the term

2

"including" shall mean "including, but not limited to," and **(iv)** the singular shall include the plural, and vice versa.

7.      These Requests shall be deemed continuing so as to require prompt supplemental responses if, between the date hereof and the conclusion of this Proceeding, You discover any additional Documents responsive to these requests.

8.      The Documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests.

9.      If any portion of a Document is responsive to a request, You must produce the entire Document.

10.      For each Document responsive to this request withheld under a claim of privilege, You must provide the following information in a privilege log that shall be produced along with all other responsive Documents: **(i)** the nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim; **(ii)** the type of Document; **(iii)** the general subject matter of the Document; **(iv)** the date of the Document; and **(v)** such other information as is sufficient to identify the Document and establish the privilege claimed, including, where appropriate, the Document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

11.      In the event that You do not have Documents within Your possession, custody, or control that are responsive to any particular Request set forth below, Your response to such Request shall specifically state that You have no responsive Documents within You possession, custody, or control, regardless of whether or not You also interpose any objection to such Request.

3

12.    As part of this process, You must preserve or suspend from deletion, overwriting, modification, or other destruction all Documents and Communications in your possession, custody, or control that are relevant to these Requests or to the above-captioned matter, including all paper and electronic Documents and Communications. If You are unsure whether certain Documents or Communications are relevant, You should preserve them.

## REQUESTS

**REQUEST NO. 1:**

All Documents concerning any and all Financial Accounts held by any of the Nordlicht Parties, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

**REQUEST NO. 2:**

All Documents concerning any and all Financial Accounts over which any of the Nordlicht Parties possess signature authority, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

4

**REQUEST NO. 3:**

All Documents concerning any and all Financial Accounts held for the benefit of any of the Nordlicht Parties or in trust for any of the Nordlicht Parties, including but not limited to any and all such account opening documents, account statements, deposit slips, withdrawal slips, checks, drafts, cashier's checks, wire transfers, bank drafts, letters of credit, notes, assignments, electronic funds transfers, ACH transfers, ATM withdrawals, teller withdrawals, signature cards, "know your customer" documentation, suspicious activity reports, online activity logs, biometric sign-in images or information, and any other transaction records.

**REQUEST NO. 4:**

All Documents concerning any Transfers to any of the Nordlicht Parties or to any Financial Accounts held for the benefit of any of the Nordlicht Parties or in trust for any of the Nordlicht Parties.

**REQUEST NO. 5:**

All Communications with any of the Nordlicht Parties.

**REQUEST NO. 6:**

All Documents concerning the hiring of Joseph SanFilippo.