# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York 10583
e-mail: ml@LevLaw.org
Fax (914) 725-4778
Telephone (914) 600-4288

November 11, 2020

## FAIR HARBOR NOTICE

<u>Via e-mail</u>

Nate Kritzer, Esq. (nkritzer@Steptoe.com)
Jason E. Meade, Esq. (jmeade@Steptoe.com)
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036

### RE: *In re: Mark A. Nordlicht (20-22782)*

Dear Mr. Kritzer and Mr. Meade:

As you are aware, the undersigned is litigation counsel to Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, Trenor Trust (sued as Gilad Kalter Cook Islands Trust Limited), Trenor Investment Partners LP, and 16th Avenue Associates, LLC (collectively, the "Kalter Defendants"), some of the defendants in the above-referenced Adversary Proceeding. On October 5, 2020 you filed a motion seeking injunctive relief under the guise of a Fed. R. Bankr. P. 2004 and 11 U.S.C. § 105(A) motion (the "Motion").[1] This letter is intended to constitute Fair Harbor Notice pursuant to Fed. R. Civ. P. 11(c)(1) that the Motion is violative of Rule 11(b) in that (i) it is being presented for an improper purpose, and (ii) the Motion is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Should the Motion not be withdrawn or corrected forthwith, we will promptly serve on you a motion for sanctions pursuant to Rule 11(c)(2).

### I. *Rule 2004 cannot be used as a vehicle to obtain injunctive relief*

As you are aware, Rule 2004 permits only the "examination" of an entity. In your recently-filed Motion, you seek, *inter alia*, an Order directing our clients to: (i) "provide updated records for each existing or newly opened account every thirty days"; and (iii) "disclose any contemplated transaction (or series of related transactions) exceeding $75,000, with at least five business days' notice." These elements of the Motion clearly constitute requests for mandatory injunctive relief governing future conduct. Separate and aside from the utter impropriety and frivolity of such injunctive relief requests on their face, the same clearly cannot be obtained in the context of a

---

[1] 11 U.S.C. § 105 is a generic statute that permits a Bankruptcy Court to "carry out the provisions of" Title 11. It is discussed below.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 2                                                                                    November 11, 2020

motion for a Rule 2004 "examination."[2] Thus, these demands must be immediately withdrawn without prejudice to bringing a separate motion for such injunctive relief if you believe that there is any statutory authority for doing so. We caution you, however, that should you bring any separate motion for such injunctive relief, the same will be considered substantively frivolous and will be met with a request for Rule 11 sanctions as well.[3]

## II. *The non-Debtor production sought is improperly overbroad and beyond the scope of Rule 2004*

Your Motion also seeks an order requiring from our clients the "production of all records of all financial accounts held under their control, for their benefit, or for which they have signature authority" for the past two and a half years. While Rule 2004 *permits* the Court, in the exercise of its discretion, to order a "broad examination," use of Rule 2004 examinations may not be used for

---

[2] We view this as simply a further act in the long line of improper litigation tactics employed by you and your clients, the most recent of which included issuing seven illegal non-party Subpoenas, refusing to withdraw those directed to the financial institutions, inexplicably denying that the court subsequently quashed the same, and then threatening (in Mr. Kritzer's letter to me of today) that you will "promptly issue new subpoenas for the documents." Your sophomania is astounding.

[3] Your contention that 11 U.S.C. § 105 permits a court to award injunctive relief against a non-Debtor who is not shown to have received any funds *from the debtor* is absurd. As pointed out above, that statue permits a Court to issue an order to "carry out the provisions of" Title 11. However, it is only Fed. R. Civ. P. 65 (as applicable to the Bankruptcy Court by Rule 7065) that permits the Court to issue an injunction. Your reliance on a single case – *In re Feit & Drexler, Inc.*, 760 F.2d 406 (2d Cir. 1985) – is entirely misplaced. In that case, a Trustee brought an adversary proceeding against the recipient of funds from the Debtor, claiming that the recipient converted the debtors' funds and defrauded the debtors. Here, all that is sought in the existing Complaint is the setting aside of two allegedly fraudulent conveyances of real property. Clearly, there cannot be, as there was in *Feit*, any "transfer out of the jurisdiction" of those real properties. Moreover, unlike in *Feit*, the Stadtmauers are *not* the Trustee, but merely disgruntled creditors. As we discussed in our letter to Judge Drain yesterday, in *In re J & R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010), the Court denied a creditor's right to Rule 2004 discovery about third parties who may be liable on its claim of avoidable transfers, with the Court noting that the Trustee had the *exclusive* right to pursue such claims. Here, the Stadtmauers are seeking examination of non-Debtors to allegedly uncover purported fraudulent transfers, but by doing so they are seeking to improperly usurp the exclusive role of the Trustee. Moreover, the Trustee has already entered into a settlement concerning such claims (subject to this Court's approval) and has declined the opportunity to obtain the "assistance" of the Stadtmauers or their counsel in that endeavor by withdrawing the prior motion to retain that law firm.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 3                                                                                                November 11, 2020

purposes of abuse or harassment, or for discovery of matters not relevant to the basic inquiry.[4] 9 Collier on Bankruptcy ¶ 2004.02[1] (16th ed. 2014) (citations omitted). A proposed examination may be denied if the purpose is to abuse or harass the target. *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992), citing *In re Mittco*, 44 B.R. 35, 36 (Bankr. E.D. Wisc. 1984).

Moreover, an examination about matters unrelated to the debtor's affairs or having effect on the administration of his estate is improper. *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984). Witnesses who have no relationship to the debtor's financial affairs or to the administration of the estate are not proper subjects of a Rule 2004 examination. *Id.* "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. IL); *see also In re Mastro*, 585 B.R. 587, 597 (9th Cir. BAP 2018) (quoting *Wilcher*); *In re Yellowstone Mt. Club, LLC*, 2009 Bankr. LEXIS 4462, 2009 WL 982233 (Bankr. D. Mont.) (same); *In re Mezvinsky*, 2000 Bankr. LEXIS 1067, 2000 WL 33950697 (Bankr. E.D. Pa.) (same); *In re Gay*, 2016 Bankr. LEXIS 1812, 2016 WL 1612942, at *2 (Bankr. W.D. Okla.) (same); *In re Continental Forge Co., Inc.*, 73 B.R. 1005 (Bankr. W.D. Pa. 1987) (same); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373 (Bankr. W.D. Pa. 2008) (same).

Here, your request for the wholesale production of seventeen months of records of "every financial account [of each of our clients] held under their control, for their benefit, or for which they have signature authority" is outrageous. The request is not limited to records that show any transfer from or to the Debtor or for the Debtor's benefit. Thus, if one of our clients purchased a box of girl scout cookies or loaned money to a sibling or made a charitable contribution to a synagogue, your demand would require production of those records. Yet, those records have *absolutely* nothing to do with "the acts, conduct, or property or to the liabilities and financial condition *of the debtor*, or to any matter which may affect the administration of *the debtor's estate*, or to *the debtor's*

---

[4] The Court is not *required* to permit a Rule 2004 examination. "Rule 2004 by its terms gives the Court discretion to limit examination as justice requires ... Courts have used this permissive conditional language [of Rule 2004(a) FRBP] to restrict discovery that appears unduly intrusive or burdensome." *In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 765 (Bankr. D NM); *see also In re Handy Andy Home Improvement Ctrs, Inc.*, 199 B.R. 376, 379-80 (Bankr. N.D. Ill. 1996). The expansive nature of Rule 2004 should not be permitted to exact prejudice or injustice on the subpoenaed party. *Schachter v. Lefrak (In re Lefrak)*, 223 B.R. 43, 440 (Bankr. S.D.N.Y.); *2435 Plainfield Ave. v. Township of Scotch Plains (In re 2435 Plainfield Ave.)*, 223 B.R. 440, 456 (Bankr. D. N.J.) (quoting William L. Norton, Jr., 6 Norton Bankruptcy Law & Practice § 141:35 (2d ed. 1998)). In addition, the party seeking to conduct a Rule 2004 examination bears the burden of showing good cause for taking the exam. *See id.* at 456; *In re Drexel Burnham Lambert Group.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 4                                                                                          November 11, 2020

right to a discharge" (Rule 2004(b), emphasis added).[5] Thus, these demands must, at the very least, be limited to financial documents evidencing any payment to, or receipt from, the Debtor.[6]

### III. The 2004 production request is improper under the "Pending Proceeding Rule"

Rule 2004 examinations are not proper where, as here, the requested production goes to issues in a pending adversary proceeding. The "pending proceeding rule" precludes discovery under Rule 2004 based on the "existence of other pending litigation in which such discovery could be obtained." *In re International Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002); *see* also, *e.g.*, *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996). The pending proceeding rule is invoked once an adversary proceeding or contested matter has been commenced in a bankruptcy case, especially if the discovery sought through Rule 2004 goes "squarely to issues" involved in the pending litigation, in which case "application of the formal discovery rules is appropriate." *In re Job P. Wyatt & Sons' Co.*, 2011 Bankr. LEXIS 4653, 2011 WL 5909534 (Bankr. E.D.N.C. 2011). Indeed, a majority of courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 455-56 (Bankr. D. N.J. 1998) (collecting cases and citing, *inter alia*, *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ["The cases are in agreement that once an adversary proceeding is in progress a creditor/party does not have a right to a 2004 examination"].

The primary reason for this limitation on the availability of Rule 2004 as a discovery device stems from the distinction between the broad scope of a Rule 2004 examination and the more restricted

---

[5] Moreover, Rule 2004 "may not be used for purposes of abuse or harassment." 9 Collier on Bankruptcy ¶ 2004.02[1] (16th ed. 2014) (citations omitted). *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). *See, e.g., In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) [although Rule 2004 examination can be compared to a fishing expedition, "the net, in the discretion of the Court, can be carefully stitched to limit its catch"). Courts may "limit, condition or even forbid the use of Rule 2004" where it is used to "abuse or harass[] ..." *Martin v. Schaap Moving Sys., Inc.*, 152 F.3d 919, at *3 [published in full-text format at 1998 U.S. App. LEXIS 15255] (2d Cir. 1998) (unpublished), quoting *In re Mittco*; and *see* generally *In re Georgetown of Kettering*, 17 B.R. 73, 75 (Bankr. S.D. Ohio 1981).

   Given the clearly overbroad nature of the requested production, its targets (the Debtor's wife, mother and deceased father's estate) and your prior scorched earth conduct in the State Court case prior to removal, it is quite apparent that your motive (as it has been from day one) is to harass every possible member of the Debtor's family in an attempt to cause them to "cover" what you claim is the Debtor's debt to your client.

[6] That is not to say that such a limitation will not result in an objection on other grounds, however it will, at least, confine the request to the permissible scope of Rule 2004.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 5                                                                                               November 11, 2020

nature of discovery permitted under the Federal Rules of Civil Procedure. For example, while the scope of an examination under Rule 2004 is far-reaching, discovery rules in adversary proceedings and contested matters are more restrictive with respect to the threshold requirement of relevance and in regards to protections available to subpoenaed parties. For example, under Rule 2004: "the witness has no right to be represented by counsel except at the discretion of the court; there is only a limited right to object to immaterial or improper questions; there is no general right to cross-examine witnesses; and no right to have issues defined beforehand." *In re Dinubilo*, 177 B.R. 932, 939-40 (E.D. Cal. 1993) [contrasting the substantive differences between Rule 2004 examinations and discovery under the Federal Rules]. As such, courts will not allow a 2004 exam where an adversary proceeding is pending, because the party requesting the exam is likely seeking to avoid the procedural safeguards of Bankruptcy Rules 7026-7037.

Consequently, there is a "well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997); *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). "A Rule 2004 examination is undertaken prelitigation, that is, before the filing of a lawsuit or motion, whereas discovery in the context of the Federal Rules of Civil Procedure is pretrial, that is, after the filing of a complaint or motion, but before a hearing on dispositive motions or trial on the merits." *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). Application of the Federal Rules of Civil Procedure to discovery in the context of an adversary proceeding stems from a concern about "the use of Rule 2004 examinations to circumvent the safeguards and protections of the Federal Rules of Civil Procedure." *Washington Mut., Inc.*, 408 B.R. at 51.

Here, as you well know, there is an adversary proceeding pending (which your clients commenced in the State Court) against the *very entities* and concerning the *very subject matters* for which your purported Rule 2004 application seeks production. In your adversary proceeding complaint and requested supplemental complaint (as previously filed in the State Court) you specifically allege that the entities that you now seek production from are "alter-egos" of the Debtor or have assets belonging to, or under the control of, the Debtor. The purported Rule 2004 production that you seek purportedly goes directly to those issues. In your Rule 2004 motion, you "justify" your request for production by alleging (albeit falsely) that "the Debtor and the Related Parties have engaged in extensive, long-running, and brazen schemes to hide Mr. Nordlicht's vast assets" [Moving Memo, p. 27]. In the Adversary Proceeding Complaint, you allege (again, falsely) that the Debtor "has strategically placed substantially all of his asserts under the names of his wife, various LLCs, trusts, overseas entities and other shell entities ..." [Complaint, ¶ 1]. There is absolutely no question that the production you seek under Rule 2004 is "relevant and related to the pending [adversary] proceeding" and "affects the same persons and entities who are parties to the pending [adversary] proceeding." As such, you cannot proceed by way of 2004 discovery, but must now proceed according to the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, instead of pursuant to Rule 2004.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 6                                                                                              November 11, 2020

As you know, there is presently a Rule 26 scheduling conference in the Adversary Proceeding on the calendar in December, and you can raise whatever discovery requests or issues you have there. But, given the existence of the Adversary Proceeding at this point, the instant request for 2004 discovery must be withdrawn without prejudice to renewing the same after that conference (or after the Adversary Proceeding is dismissed or discontinued).[7] That is assuming, of course, that you (rather than the Trustee) has the ability to prosecute the Adversary Proceeding. If it is only the Trustee that has such right (which is our belief), then only the Trustee can pursue discovery in that proceeding.

### *IV. Your clients have no standing to conduct the 2004 examinations sought*

The discovery you seek professes (albeit erroneously) to be in connection with the purported existence of assets of the Debtor in the hands of other persons or entities and/or alter ego claims. However, such claims belongs exclusively to the Trustee on behalf of all creditors and, therefore, only the Trustee can engage in discovery with respect to those issues. A creditor cannot assert claims to avoid and recover fraudulent transfers because those claims belong exclusively to the trustee. *Hansen v. Finn (In re Curry & Sorenson, Inc.)*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986) ["An action to set aside a fraudulent transfer must be brought in the name of the bankruptcy estate as the real party in interest"]; *In re Conley*, 159 B.R. 323, 324 (Bankr. D. Idaho 1993) [creditor lacks standing to assert state law claims against third party, where injury is general to all creditors of the debtor].

Similarly, claims of "alter-ego" are also exclusively the claims of the Trustee. *Hansen v. Finn (In re Curry & Sorenson, Inc.)*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986); *In re Conley*, 159 B.R. 323, 324 (Bankr. D. Idaho 1993). As Judge Gonzalez put it in *Duke Energy Trading & Mktg., L.L.C. v Enron Corp. (In re Enron Corp.)*, 2003 Bankr LEXIS 330, at *11-13 (Bankr S.D.N.Y. Apr. 17, 2003, Nos. 01 B 16034 (AJG) , 02-3609 A) (citations omitted):

> Where a claim is generalized, with no particularized injury stemming from it and where the claim may be brought by any creditor, the trustee or debtor-in-possession is the appropriate party to assert the claim and creditors are subject to the outcome of the action brought by the trustee or debtor-in-possession. There is no distinction, in this regard, with respect to claims asserted against the debtor and claims asserted against third-parties. Thus, this principle applies to a claim brought to pierce the corporate veil of a debtor in its own bankruptcy case.
>
> What must be considered is whether the injury alleged is peculiar and personal to the claimant or is general and common to the corporation and creditors. Where the

---

[7] As I am sure you are aware, Rule 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." We have had no such conference.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 7                                                                                    November 11, 2020

> harm suffered by the claimant is no different than the harm suffered by other creditors, the action belongs to the trustee or debtor-in-possession. The trustee or debtor-in-possession is given exclusive right to assert alter ego claims to ensure fair and equitable treatment of all similarly situated creditors. This is because if alter ego allegations are proven, more assets are available to that debtor to meet creditor claims. Allowing the trustee or debtor-in-possession to pursue the claim avoids the prospect of creditors seeking to gain advantage over other creditors by pursuing the alter ego claims on a first-come, first-serve basis. Those creditors asserting them first would be preferred to others. Where claims are property of a debtor's estate, an individual creditor may not assert it until the trustee abandons the claim.

Consequently, we do not believe that your clients have any standing or ability under Rule 2004 to conduct any discovery unless it is particular to your client. There is only one thing unique to your clients at this point, and that is your motion to extend your clients' time to move to dismiss, object to discharge and/or dischargeability, etc. [DE-40].[8] However, the issues relevant to that motion are (i) whether your clients received sufficient notice of the deadline and the information to file an objection; (ii) the complexity of the case, (iii) whether your clients exercised diligence; (iv) whether the Debtor refused in bad faith to cooperate with your clients; and (v) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues. *See In re Robinson*, 2013 WL 3993741 * 2, 2013 Bankr. LEXIS 3267 (Bankr. S.D.N.Y. Aug. 2, 2013), aff'd, *Chua v. Robinson*, 2015 WL 3833542 * 1, 2015 U.S. Dist. LEXIS 80827 (S.D.N.Y. June 18, 2015). The Rule 2004 examination that you seek has absolutely nothing to do with any one of those factors. Moreover, Judge Drain made it clear at the conference yesterday that such discovery would be improper and untimely since it must be sought prior to the objection deadline (which was October 5, 2020). Since you filed your Rule 2004 Motion on November 2, 2020, almost a month after the October 5th deadline, you would have no right to seek any discovery in such contested matter.

Consequently, and in view of your clients' lack of standing to conduct the Rule 2004 discovery that you profess to seek, demand is hereby made that you withdraw your Rule 2004 Motion without prejudice to renewing the same should your clients somehow obtain standing to bring the same in the future. At the very least, we demand that you agree to adjourn your Rule 2004 Motion until after your extension motion and the Trustee's motion to approve the settlement with our clients is determined.

---

[8] That is not to say that we believe that there is any merit to that motion (we do not), as the sole basis for the same is your (now disproven) allegation that "the Debtor did not appear for the adjourned Section 341(b) meeting of creditors that was scheduled for September 24, 2020." Having made no prior application for any Rule 2004 discovery, we do not believe that your intentional failure to object by the bar date will be granted by the Court. For the purposes of this letter, however, we will assume *arguendo* that your clients have some arguable standing to object to dischargeability.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Nate Kritzer, Esq.
Jason E. Meade, Esq.
Page 8                                                                                                November 11, 2020

The above is not intended to constitute a complete recitation of all of the improprieties in your motion for Rule 2004 relief. Nor is it intended to bind any other party to the positions taken herein. It is simply intended as a Rule 11 Fair Harbor notice. Should you ignore the same, or refuse to withdraw the Motion, we will act accordingly.

                                        Very truly yours,

                                        MICHAEL LEVINE

cc. All counsel (via e-mail)