**Steptoe**

Nathaniel J. Kritzer
212 378 7535
nkritzer@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

January 22, 2021

**Via Electronic Mail**

| | |
|---|---|
| Salvatore LaMonica, Esq. | Scott Krinsky, Esq. |
| LaMonica Herbst & Maniscalco, LLP | Backenroth, Frankel & Krinsky, LLP |
| 3305 Jerusalem Avenue, Suite 201 | 800 Third Avenue, 11th Floor |
| Wantagh, New York 11793 | New York, New York 10022 |
| | |
| Michael Levine, Esq. | Sari Kolatch, Esq. |
| Levine & Associates, P.C. | Cohen Tauber Spievack & Wagner P.C. |
| 15 Barclay Road | 420 Lexington Avenue, Suite 2400 |
| Scarsdale, New York 10583 | New York, New York 10170 |

Gabriel Hertzberg, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10170

Re: *In re Mark A. Nordlicht*, Case No. 20-22782-rdd (Bankr. S.D.N.Y.); *Stadtmauer v. Nordlicht et al.*, Adv. Pro. No. 20-06489-rdd (Bankr. S.D.N.Y.)("Adversary Proceeding")

Dear Counsel:

I write on behalf of Richard and Marisa Stadtmauer concerning the motion of Mark Tulis, Chapter 7 Trustee of the above-captioned Debtor, for an order approving the Stipulation of Settlement in the above-captioned adversary proceeding (ECF No. 7)(the "9019 Motion"), and the Stadtmauers' objection to that motion (ECF No. 12) (the "Objection").

As a result of the Objection, the 9019 Motion is now a contested matter. The Stadtmauers require discovery from the Trustee and from the Settling Parties in connection with their objection to the proposed settlement, as set forth in greater detail below. The Stadtmauers believe that the requested documents are relevant, proportional, and necessary to prosecute their Objection and/or properly assess the proposed settlement, and are thus discoverable under and within the scope of Fed. R. Bankr. P. 7030, made applicable to the 9019 Motion as a result of the filing of the Objection in accordance with Fed. R. Bankr. P. 9014.

January 22, 2021
Page 2

As explained in the Objection, the Stadtmauers assert that the proposed settlement is both paltry in amount and overly broad in scope. It seeks, inter alia, a complete release "of any and all claims that the Trustee has or may have, whether known or unknown, against the Settling Parties" for the sum of $1.5 million, against the backdrop of an estate with almost a billion dollars in creditors, and where an order of attachment for nearly $15 million has already been entered. The settlement includes claims in the adversary proceeding which are based on *alter ego* and fraudulent transfer theories. In earlier proceedings in the New York Supreme Court for Westchester County, on an evidence-based motion to confirm the order of attachment, the court found that the plaintiffs had established "probable success on the merits" and that the evidence painted "a dire picture of a family engaged in intricate attempts to insulate [the Debtor] from his significant creditors, with ample, substantiated details." ECF No. 13-1 at 3-4.

Neither the Debtor, Ms. Kalter, nor any of the entities under their ownership or control have produced ***any*** documents in the Adversary Proceeding, and a motion to compel discovery was pending when the Debtor filed his bankruptcy petition. Discovery produced in the Adversary Proceeding was thus largely limited to third-party subpoenas in the months immediately preceding the petition. A subpoena to just one financial institution, Metropolitan Commercial Bank, yielded significant evidence of an entity called 16th Avenue Associates LLC ("16AA").

16AA is nominally owned by Ms. Kalter and the Debtor's two siblings, Kenneth Nordlicht and Ora Gichtin. While 16AA's operating documents call for distributions to be made *pro rata* to its members, there are no records of any distributions to either Kenneth Nordlicht or Ora Gichtin. But 16AA has been used to pay nearly $1 million in legal fees to the Debtor's personal attorneys, to make cash distributions to Ms. Kalter for hundreds of thousands of dollars, and to engage in millions of dollars' worth of transactions with closely-associated people and entities. These include large payments to International Financial Enterprise Bank, Goldstone Partners, Crichton House Holdings, Moishe Orlinsky, and Verisium Consulting, investments in at least three residential rental properties in Brooklyn, and other business with former Platinum associates including Kevin Cassidy and Ira Burstein. Counsel for Ms. Kalter has admitted that the Debtor controls and directs the investments of 16AA, but has asserted that the entity is simply an investment vehicle for the Debtor's mother, while supplying no evidence whatsoever to support the latter assertion. Discovery of 16AA is therefore necessary and relevant as to how the Trustee valued the settlement and what documents and other information he relied upon in determining such value. Further, with respect to International Financial Enterprise Bank specifically, Mr. Stadtmauer has heard from several sources that Mr. Nordlicht has been holding himself out as the owner of that entity and seeking deposits (though it is believed Mr. Nordlicht's interest is nominally held, directly or indirectly, in the name of another settling party).

Moreover, the Stadtmauers seek all non-privileged material that the Trustee reviewed in concluding that the proposed settlement is reasonable. To the extent that adequate information was not previously produced to the Trustee, further discovery is needed to ascertain the extent of the Settling Parties' actual assets, which are alleged to be under the Debtor's *de facto* control and subject to the *alter ego* claims asserted in the Adversary Proceeding and which goes to the value

January 22, 2021
Page 3

of the claims settled by the Trustee. Further discovery is also necessary to understand the disposition and purpose of substantial transfers that have already been identified with closely related parties. The information being sought is directly relevant to the Objection on the basis that the underlying claims in the adversary proceeding are likely to succeed and be collectable and that the $1.5 million settlement is therefore wholly inadequate, unreasonable and not in the interests of creditors.

In addition, the Stadtmauers seek discovery regarding certain individuals, entities, third parties, and transactions referred to below, all of which is relevant to the issue of whether the Trustee and the estate are receiving fair consideration for the scope and extent of the releases being given under settlement and therefore as to the reasonableness of the settlement and the consideration given and benefit to the estate thereunder.

The following is a summary of the discovery we seek:

1. **Party discovery**
   a. All communications between any settling party, on the one hand, and Kenneth Nordlicht or Ora Gichtin, on the other hand, relating to 16AA.
   b. All communications between any settling party, on the one hand, and Barbara Nordlicht, on the other hand, relating to 16AA.
   c. All communications regarding IFEB.
   d. Documents sufficient to show the disposition and purpose of the following transactions from 16AA's account:
      i. Each transfer to or from IFEB (and its affiliates).
      ii. Transfers to Goldstone Partners totaling nearly $2 million.
      iii. Transfers of nearly $5 million to Crichton House Holdings, LLC.
      iv. The sale proceeds of the Malcolm X property sales in Brooklyn.
      v. The nearly $2 million transferred to 16AA by Moishe Orlinsky.
      vi. The nearly $2 million in net cash inflows from Chainbridge Funding LLC.
      vii. The $5.857 million in payments to law firm trust accounts and title companies.
      viii. The periodic payments to Verisium Consulting.
   e. All communications regarding the Trenor Trust (Cook Islands).
   f. All communications between any settling party, on the one hand, and Kevin Cassidy, on the other hand.
   g. All communications between any settling party, on the one hand, and Ira Burstein, on the other hand.
   h. All communications between any settling party, on the one hand, and Moishe Orlinsky, on the other hand.
   i. All communications regarding "Mark's Trust" in Jules Nordlicht's will.
   j. All communications by any of the settling parties regarding the NYFLA loan.
   k. All statements of financial accounts for each settling party, from 2015 to the present.

January 22, 2021
Page 4

2. **Interrogatories**
   a. Identify all entities affiliated with former Platinum employees or officers with whom the settling parties have invested.
   b. Identify all offshore accounts and assets owned (directly or indirectly) by any settling party.
   c. Identify all entities in which each settling party has a direct or indirect equity interest.
   d. Identify the source of the $1,500,000 settlement funds.
   e.
3. **Third party discovery**
   a. Subpoenas for account records to:
      i. IFEB
      ii. Metropolitan Commercial Bank
      iii. Citi
      iv. Chase Bank
      v. TD
      vi. Key Bank
      vii. Estate of Jules Nordlicht
   b. Subpoenas for communications with the settling parties to:
      i. Kevin Cassidy
      ii. Ira Burstein
      iii. Moishe Orlinsky
      iv. Joseph SanFillipo
      v. Michael Nordlicht (for all communications regarding CWave or SunWave with any of the settling parties)
      vi. CWave and related companies for records sufficient to show ownership and funding.
   c. Subpoena to Hutton Ventures, with the same scope as the subpoena previously served in the State Court.

Please inform us if you have any objections the above-mentioned requests by **Friday, January 29**, so that we can meet and confer to resolve any disputes concerning the scope of discovery in this matter and, if necessary, seek judicial intervention.

           Sincerely,

           STEPTOE & JOHNSON

           By: /s/ Nathaniel J. Kritzer

           Nathaniel J. Kritzer

           *Attorneys for Richard Stadtmauer and Marisa Stadtmauer*