FILED: WESTCHESTER COUNTY CLERK 06/05/2020 07:54 PM                INDEX NO. 51825/2020
NYSCEF DOC. NO. 192                                                 RECEIVED NYSCEF: 06/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

Richard Stadtmauer and Marisa Stadtmauer,

    Plaintiffs,

—*against*—

Mark Nordlicht, Dahlia Kalter, 535 W.E.A. Group LLC, OBH 2308 LLC, NYFLA Investors LLC, Gilad Kalter Cook Islands Trust Limited, Trenor Investment Partners LP, Henley Investment Partners LP, and John Does 1-50,

    Defendants.

Index No. 51825/2020

Hon. Linda S. Jamieson J.S.C.

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT

STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Attorneys for Plaintiffs.*

June 5, 2020

hands. Defendants' ongoing silence as to who currently owns and controls NYFLA is conspicuous in these circumstances, particularly since Plaintiffs have presented evidence that Mr. Nordlicht effectively controls the entity, and that it is already at least partially held in trust for his personal benefit. *See* NYSCEF Doc. No. 23; *see also* NYSCEF Doc. No. 95 at 15.

The argument that any reverse veil-piercing could only lead back to Jules Nordlicht is simply incorrect—if Mr. Nordlicht in fact dominates and controls that entity, as Plaintiffs have alleged, it can be held liable for his debts even if he is not formally an "owner" of NYFLA.[6] *See State v. Easton*, 169 Misc.2d 282, 289-90 (Sup. Ct. 1995) (corporation could be held "liable for a judgment debt" of person "who is not a 'legal' shareholder/owner but an 'equitable' one"); *Goya Foods, Inc. v. Unanue*, 233 F.3d 38, 43 (1st Cir. 2000) (under New York law, a corporation can be held liable for the "where the assets at issue are held by the target corporation and the liability is that of the individual who dominates the corporation.").

The entire Manhattan Condo Mortgage arrangement abounds with badges of fraud from which fraudulent intent can properly be inferred. Defendants' efforts to rebut these badges are laden with misdirection—because they cannot defend the transactions and structures at issue here, they simply pretend that this case is about something else entirely. For example, Defendants focus on the consideration supposedly paid by Hutton in the form of the original $7.5 million loan, and by NYFLA to acquire that loan from Hutton. *See* NYSCEF Doc. No. 148 at 10. They ignore that the consideration *NYFLA* received under that agreement is part of a fraud, a loan on which it has

---

[6] Defendants contend that the claim for reverse veil-piercing should be dismissed because it "is not an independent cause of action." NYSCEF Doc. No. 148 at 17. This argument is little more than a distraction—Plaintiffs have already obtained an award against Mr. Nordlicht and have properly alleged that NYFLA and other corporate defendants should be held liable for that debt under an *alter ego* theory of liability. *See Cortlandt*, 73 N.Y.S.3d 95, 109 (upholding a claim for corporate veil-piercing where the complaint alleged "the basic elements of the doctrine of piercing the corporate veil" and "the existence of a [] debt" on which that claim depended).

20-06489-rdd    Doc 18-13    Filed 02/16/21    Entered 02/16/21 21:16:20    Exhibit M: Excerpt from Stadtmauer's Memo of Law Rejecting Position that AI    Pg 3 of 3

FILED: WESTCHESTER COUNTY CLERK 06/05/2020 07:54 PM    INDEX NO. 51825/2020
NYSCEF DOC. NO. 192    RECEIVED NYSCEF: 06/05/2020

any further discussion for their reply. NYSCEF Doc. No. 159 at 14 n. 15 ("Should Plaintiffs raise the same arguments on their opposition to this motion, we will address the same in our reply papers"). Although Plaintiffs have not claimed that the original acquisitions of 245 Trenor Drive and the Manhattan Condo were themselves fraudulent conveyances, additional fraudulent transfers may yet be uncovered if Defendants ever comply with their discovery obligations, and any such transfers would fall well within the two-year discovery rule.

## CONCLUSION

Plaintiffs respectfully request that the Court deny the Motions to Dismiss in their entirety.

Dated: June 5, 2020
New York, New York

STEPTOE & JOHNSON LLP

By: /s/ Nathaniel J. Kritzer

Nathaniel J. Kritzer
Evan Glassman
Jason E. Meade
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Facsimile: (212) 506-3950
Email: nkritzer@steptoe.com
Email: eglassman@steptoe.com
Email: jmeade@steptoe.com

*Attorneys for Plaintiffs Richard and Marisa Stadtmauer*